

KSC/09.06.22
BM/LNE: USAO 2021R0488

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * CRIMINAL NO. ELH-22-0125 |
| | * |
| JAMAL BROWNLEE, | * (Conspiracy to Distribute and Possess |
| a/k/a "MAL," | * with the Intent to Distribute |
| RAEKWON DORSEY, | * Controlled Substances, 21 U.S.C. § |
| | * 846; Possession with the Intent to |
| | * Distribute Controlled Substances, 21 |
| | * U.S.C. § 841(a)(1); Conspiracy to |
| RODNEY GAINES, | * Possess a Firearm in Furtherance of a |
| a/k/a "BUTTER," a/k/a "BUTTERS," | * Drug Trafficking Crime, 18 U.S.C. § |
| a/k/a "BUTTA," | * 924 (o); Possession of a Firearm by a |
| | * Prohibited Person, 18 U.S.C. § 922(g); |
| JAMES SAMMS, | * Aiding & Abetting, 18 U.S.C. § 2; |
| BRADLEY STONER, | * Forfeiture, 21 U.S.C. § 853, 18 U.S.C. § |
| ANDRE WILSON JR., | * 924(d), and 28 U.S.C. |
| a/k/a "DRE," | * § 2461(c)) |
| TASHA WOODYARD, | * |
| | * UNDER SEAL |
| Defendants. | * |
| | * |
| | * |
| | * |
| ******* | |

### SUPERSEDING INDICTMENT

#### COUNT ONE
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

From in or about April 2021 and continuing until on or about April 7, 2022, in the District of Maryland and elsewhere, the defendants,

**JAMAL BROWNLEE,**
a/k/a "MAL,"

>    **RAEKWON DORSEY,**
>
>    ▮▮▮▮▮▮▮▮
>
>    **RODNEY GAINES,**
>    **a/k/a "BUTTER," a/k/a "BUTTERS," a/k/a "BUTTA,"**
>
>    ▮▮▮▮▮▮▮▮
>
>    **JAMES SAMMS,**
>    **BRADLEY STONER,**
>    **ANDRE WILSON JR.,**
>    **a/k/a "DRE,"**
>    **TASHA WOODYARD,**

did knowingly and willfully combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury to distribute and possess with intent to distribute and a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

## MANNER AND MEANS OF THE CONSPIRACY

1. Among the manner and means by which the defendants and others conducted and participated in the conspiracy were the following:

2. Members of conspiracy distributed cocaine and cocaine base to customers.

3. Members of the conspiracy sold bulk quantities of narcotics to other drug traffickers who, in turn, redistributed the narcotics in and around Westminster, Maryland and the surrounding areas to include Baltimore.

4. Members of the conspiracy adulterated cocaine, and cocaine base to maximize their profits, cutting the drugs with other substances.

5. Members of the conspiracy used residences in and around Westminster, Maryland to process, repackage, and prepare cocaine, and cocaine base for distribution.

6.	Members of the conspiracy frequently changed cell phones to prevent the interception of drug-trafficking communications by law enforcement.

7.	Members of the conspiracy possessed firearms in furtherance of their drug trafficking activities, including this conspiracy.

21 U.S.C. § 846

## COUNT TWO
### (Possession with Intent to Distribute Cocaine)

The Grand Jury for the District of Maryland further charges that:

On or about December 22, 2021, in the District of Maryland, the defendant,

### JAMAL BROWNLEE,
### a/k/a "MAL,"

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(B) and (C)
18 U.S.C. § 2

4

## COUNT THREE
### (Possession of Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about January 11, 2022, in the District of Maryland, the defendant,

**JAMAL BROWNLEE,**
a/k/a "MAL,"

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Canik 55, TP9SF Elite, 9 mm pistol bearing serial number T647220BH14003; and the firearm was in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT FOUR
### (Possession of Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about January 31, 2022, in the District of Maryland, the defendant,

### RAEKWON DORSEY,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Smith and Wesson, 9mm Shield plus handgun, bearing serial number JMX4504; and a black and silver Smith and Wesson SD40, 40 caliber handgun, bearing serial number FXR3120; and the firearms were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT FIVE
**(Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime)**

The Grand Jury for the District of Maryland further charges that:

From in or about April 2021 and until on or about January 31, 2022, in the District of Maryland and elsewhere, the defendants,

**RAEKWON DORSEY,
AND
RODNEY GAINES,
a/k/a "BUTTER," a/k/a "BUTTERS," a/k/a "BUTTA,"**

did conspire to possess firearms in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to possess with the intent to distribute cocaine and cocaine base, as charged in Count One, which is incorporated by reference herein.

18 U.S.C. § 924(o)

## COUNT SIX
### (Possession with Intent to Distribute Cocaine)

The Grand Jury for the District of Maryland further charges that:

On or about September 15, 2021, in the District of Maryland, the defendants,

███████████████
**AND**
**RODNEY GAINES,**
a/k/a "BUTTER," a/k/a "BUTTERS," a/k/a "BUTTA,"

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(B) and (C)
18 U.S.C. § 2

## COUNT SEVEN
### (Possession of Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about March 23, 2022, in the District of Maryland, the defendant,

**JAMES SAMMS,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Smith and Wesson, 9mm handgun, bearing serial number FWM7641; and the firearm was in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT EIGHT
### (Possession with Intent to Distribute Cocaine)

The Grand Jury for the District of Maryland further charges that:

On or about March 23, 2022, in the District of Maryland, the defendant,

### JAMES SAMMS,

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

10

## COUNT NINE
### (Possession with Intent to Distribute Cocaine)

The Grand Jury for the District of Maryland further charges that:

On or about March 23, 2022, in the District of Maryland, the defendant,

**JAMES SAMMS,**

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

## COUNT TEN
### (Possession with Intent to Distribute Cocaine)

The Grand Jury for the District of Maryland further charges that:

On or about August 25, 2021, in the District of Maryland, the defendants,

**RODNEY GAINES,**
a/k/a "BUTTER," a/k/a "BUTTERS," a/k/a "BUTTA,"
**AND**
**BRADFORD STONER,**

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

12

## COUNT ELEVEN
### (Possession with Intent to Distribute Cocaine)

The Grand Jury for the District of Maryland further charges that:

On or about March 2, 2022, in the District of Maryland, the defendant,

### ANDRE WILSON, JR.

did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and (b)(1)(C)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461, in the event of the defendants' convictions under Counts One through Eleven of this Superseding Indictment.

### Narcotics Forfeiture

2. Pursuant to 21 U.S.C. § 853(a), upon conviction of any offense(s) in violation of the Controlled Substances Act, as alleged in Counts One, Two, Six, Eight, Nine, Ten, and Eleven incorporated here, the defendant(s) convicted of such offense(s), shall forfeit to the United States of America:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s); and

   b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense(s).

### Firearms and Ammunition Forfeiture

3. Pursuant to 18 U.S.C. § 924(d), upon conviction of an offense alleged in Counts Three, Four, Five and Seven, incorporated here, the defendant(s) convicted of such offense(s) shall forfeit to the United States any firearms and ammunition involved in the offense(s).

### Substitute Assets

4. Pursuant to 21 U.S.C. § 853(p), if any of the property described above as being subject to forfeiture, as a result of any act(s) or omission(s) by the defendant(s):

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been comingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant(s) up to the value of the property charged with forfeiture in the paragraphs above.

### Property Subject to Forfeiture

5. The property to be forfeited includes, but is not limited to, the following:

   a. a forfeiture money judgment in the appropriate amount;

   b. approximately $246,554 U.S. currency seized during the execution of a search and seizure warrant at Self Storage Plus, 10560 Red Run Blvd, Unit 2575, Owings Mills, MD 21117 on or about March 23, 2022;

   c. approximately $16,000 U.S. currency seized during the execution of a search and seizure warrant at 10090 Mill Run Cir., Apt. 414, Owings Mills, MD 21117 on or about March 23, 2022;

   d. approximately $8,255 U.S. currency seized during the execution of a search and seizure warrant at 256 E. Main Street, Apt. 1, Westminster, MD 21157 on or about March 23, 2022;

e. approximately $3,023 U.S. currency seized during the execution of a search and seizure warrant at 256 E. Main Street, Apt. 1, Westminster, MD 21157 on or about March 23, 2022;

f. Smith and Wesson, 9mm handgun (S/N FWM7641) and one magazine with fifteen rounds of ammunition;

g. Canik 55, TP9SF Elite, 9 mm pistol bearing serial number T647220BH14003, and 15 rounds of ammunition;

h. Smith and Wesson, 9mm Shield plus handgun (S/N JMX4504) and two magazines with five rounds of ammunition;

i. one black and silver Smith and Wesson SD40, 40 caliber handgun (S/N FXR3120), and one magazine and fourteen rounds of ammunition; and

j. one Beretta pistol, model PX4 Storm, 9-millimeter, serial number PX5291G and one magazine and seventeen rounds of ammunition.

21 U.S.C. § 853
18 U.S.C. § 924(d)
28 U.S.C. § 2461(c)

*Erek L. Barron/JME*
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

9/7/2022
Date