IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| | * |
| **v.** | *   Crim. Case No.:  SAG-22-0125 |
| | * |
| **RODNEY ANTONIO GAINES, et al.** | * |
| | * |
| **Defendants.** | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

It is, this 4th day of September, 2024, ORDERED that

(1) ECF 500, Defendant Gaines's motion for *Franks* hearing and to suppress evidence, is **DENIED** for the reasons stated at the hearing on August 29, 2024;

(2) ECF 522-1, Defendant Gaines's renewed motion to continue trial, is **DENIED**. Although the Government has continued a steady production of evidence as trial approaches, most of that evidence is not of the nature requiring additional investigative effort, and Defendant Gaines has not established a need to continue this trial in its entirety. In recognition of the need for some additional time to process a video containing text messages that has recently been produced, this Court is granting a brief recess of two days in the trial schedule and will commence opening statements on **Friday, September 6, 2024**, giving Defendant Gaines and his counsel two additional days to review the evidence. This brief delay also accommodates Defendant Gaines's last-minute decision to resume being represented by his attorney, Charles Burnham, who briefly served as standby counsel from August 27, 2024 through September 3, 2024 before being reinstated as counsel of record.

(3) ECF 526-1, Defendant Gaines's pro se motion to suppress wiretap, is **DENIED**. First, the motion is not premised on any newly-produced information, but simply on the contents of the wiretap affidavit itself. As a result, the motion had to be filed on or before April 8, 2024 in accordance with this Court's scheduling order, ECF 354. Its filing the night before jury selection, on September 2, 2024, is far too late. Second, the motion would also be denied on its merits. The wiretap affidavit contains sufficient probable cause pertaining to the "B-Line," as it provides ample evidence identifying the participants in the drug conspiracy and links the B-Line phone to Defendant Gaines via the overlap in contacts between his A-Line and B-Line phones, in addition to showing the frequency and duration of the contacts between the B-Line phone and a multitude of co-conspirators, which are consistent with a pattern of drug trafficking. Those records constitute sufficient probable cause linking the B-Line to use in the drug conspiracy. Regardless, the *Leon* good faith exception would clearly govern this circumstance.

/s/
Stephanie A. Gallagher
United States District Judge
