IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | No. 22-CR-125 |
| | : | |
| RODNEY GAINES | : | |
| | : | |

## MOTION TO UNSEAL FILINGS RELATED TO DEFENSE MOTIONS TO DISMISS

### BACKGROUND

The Court has recently ruled on two motions to dismiss that are currently under seal. Both motions refer to cooperating witness information and police internal affairs information. The parties agree that the names of police and witnesses should be redacted. The parties disagree over whether the substance of the police internal affairs investigations should also be redacted. Mr. Gaines contends that it should not be redacted. Mr. Gaines has submitted suggested redacted versions of the materials directly to chambers. Because no details are being included in this motion, it is not being filed under seal.

### ARGUMENT

I. **Legal Standards**

The common law presumes a right to inspect and copy judicial records and documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978). Under

the common law there is a rebuttable presumption that the public's right of access applies to all judicial records. *Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). To overcome the presumption the court must find that there is a "significant countervailing interest" in support of sealing that outweighs the public's interest in openness." *In re Application of the U.S. for an Order*, 707 F.3d 283, 293 (4th Cir. 2013).

There is also a First Amendment right to access some judicial records. Where the First Amendment applies a "compelling government interest" must justify denial of access, and closure must be "narrowly tailored to serve that interest." *Doe*, 749 F.3d at 266. The First Amendment's application turns on two factors: historical tradition and the function of public access in serving important public purposes. *In re Wash. Post Co.*, 807 F.2d 383 (4th Cir. 1986). The first factor, historical tradition asks if the record in question was traditionally open to the public. *Id*. at 389. The second fact asks whether public access would curb "prosecutorial or judicial misconduct" and further "the public's interest in understanding the criminal justice system." *Id*.

The Fourth Circuit has held that the First Amendment applies to typical documents in criminal cases such as "sentencings and plea hearings, as well as to documents filed in connection with those proceedings." *United States v. Doe*, 962 F.3d 139, 146 (4th Cir. 2020).

In the context of summary judgment motions, courts have also considered "whether the public needs access to the materials to understand a judicial decision." *Scott v. City of Durham*, 2022 WL 767557 *2 (M.D. North Carolina).

It is the prosecution's burden to justify sealing the materials and it must provide "particularized reasons" why the sealing is appropriate. *Franklin v. City of Charlotte*, 2021 WL 5443566, *4 (W.D. North Carolina). Mr. Gaines will await the government's response and not try to anticipate its arguments here, other than to note that the overall trend seems to be against sealing police internal affairs records. *See, e.g.*, *Scott*, 2022 WL 767557 at *6 ("cases involving police misconduct raise additional interests whether law enforcement is supporting or undermining societal and constitutional values"); *Hispanic National Law Enforcement Association NCR v. Prince George's County*, 2021 WL 488641-TDC (D.Md.)(denying in part defendant's motion to seal); *Johnson v. Baltimore City Police Dept.*, 2013 WL 497868, *2-ELH ("In my view, the BPD's Motion to Seal fails to articulate an adequate basis to overcome the First Amendment public right of access.").

It is the government's burden to justify sealing the materials and Mr. Gaines does not wish to assume this burden. However, Mr. Gaines submits that under the above precedents even officer names should arguably not be under seal. Mr. Gaines asserts that sealing the officer names but not the substance of the internal affairs matters is a reasonable compromise that balances concerns with ongoing

investigations with the public's First Amendment right of access to judicial records. Mr. Gaines requested leave to respond to the government's arguments in support of sealing if appropriate.

## CONCLUSION

For the foregoing reasons, Mr. Gaines asks the Court to unseal the relevant pleadings and orders with only names but not substance under seal, in accordance with the proposed redacted versions already submitted to chambers. Mr. Gaines also requests leave to respond to the government's arguments.

Respectfully submitted,

By: /s/ Charles Burnham
Charles Burnham, Esq.
VSB # 72781
BURNHAM & GOROKHOV, PLLC
1634 I Street NW, Suite 575
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com