IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | No. 22-CR-125 |
| | : | |
| RODNEY GAINES | : | |
| | : | |

**MOTION TO EXCLUDE HEARSAY STATEMENTS OFFERED BY THE GOVERNMENT AS CO-CONSPIRATOR STATEMENTS AND INCORPORATED MOTION TO FILE AFTER DEADLINE**

**ARGUMENT**

Defendant Rodeny Gaines hereby moves to exclude certain phone calls as hearsay under Fed. R. of 801. Although the government is presumably offering them as co-conspirator statements, they are not admissible under this hearsay exception.

Hearsay statements are not admissible in Court unless a recognized exception applies. Rule 801(d)(2)(E) allows for an exception for a statement offered against an opposing party that was "made by the party's coconspirator during and in furtherance of the conspiracy." In order to admit a statement under this exception the proponent of the evidence must show by a preponderance that 1) a conspiracy did exist, 2) the declarant and the defendant were members of the conspiracy and 3) the statement was made in the course of, and in furtherance, of the conspiracy. *United States v. Heater*, 63 F.3d 311, 324 (4th Cir. 1995). Idle conversation that touches on, but does not further, the purposes of the conspiracy does not constitute

a statement in furtherance of the conspiracy. *United States v. Urbanik*, 801 F.2d 692, 698 (4th Cir. 1986).

A statement by a co-conspirator is in "in furtherance" if it was intended to promote the conspiracy's objectives, whether or not it actually has that effect. *United States v. Shores*, 33 F.3d 438, 443 (4th Cir. 1994).

A mere buyer-seller relationship is insufficient to support a conspiracy conviction. *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996). In *United States v. Christian*, the district court excluded several calls under Rule 801 because they did not show a conspiracy, merely a buyer-seller relationship. 2024 WL 3859109, *4 (August 19, 2024).

1. **Buyer-Seller Calls**

As stated above, mere proof of a buyer-seller relationship is not sufficient to establish a conspiracy and therefore also insufficient to support admission of statements under Rule 801(d)(2)(E). Many of the government's proposed calls fall into this category including, without limitation:

- Calls between Gaines and Okoye – Ex. 1.5 – 1.6T;
- Calls between Gaines and Messina – Ex. 1.19 – 1.21T, 1.58, 1.64 – 1.67T, 1.78-1.78T;
- Calls between Gaines and Stephens – Ex. 1.28 – 1.31T;
- Calls and texts between Gaines and Stoner – Ex. 1.40 – 1.41T, 1.59, 1.63;

- Calls between Gaines and UM – Ex. 1.43 – 1.47T, 1.6, 1.68. 1.76, 1.8;

- Calls between Gaines and Larmore – Ex. 1.62 – 1.62T;

- Calls and texts between Gaines and Atwell including  - Ex. 1.51, 1.55. 1.69-1.71;

- Calls and texts between Gaines and King – Ex. 1.72 – 1.72T;

- Calls and texts between Gaines and Burkins – Ex. 1.73 – 1.75T; and

- Calls and texts between Gaines and Winfield – Ex. 1.79

2. **Idle Chatter Calls**

As stated above, the Fourth Circuit has held that "idle chatter" is not in furtherance of a conspiracy, even when the participants to the call are both conspirators by a preponderance. Many of the government's calls involving witness Jamal Brownlee fall in this category in whole or in part, including, without limitation:

- Ex. 1.4 (Brownlee telling long stories to Gaines);

- Ex. 1.35 (lots of gossip);

- Ex. 1.53 (female complaining to Brownlee about Gaines, also prejudicial under 403 because it involves allegations of domestic violence);

- Ex. 1.57 (idle chatter at least until the reference to "Best Western")

As described in the above parentheticals, these calls often involve Mr. Brownlee going on at great length about matters unrelated to the charged conspiracy. The calls should either be excluded or substituted with greatly reduced clips and transcripts limited to statements that are at least arguably intended to further the charged conspiracy.

## INCORPORATED MOTION TO FILE AFTER DEADLINE

The defense acknowledges that this Court's January 24, 2025 order directed the parties to file motions in limine by February 14. However, undersigned counsel was on standby status until March 10 and immediately had to file a reply brief by March 12. Moreover, submitting this motion will ultimately avoid multiple objections after the jury is impaneled. The defense therefore respectfully requests the Court to consider the issues raised in this filing.

## CONCLUSION

For the foregoing reasons, Mr. Gaines asks the Court to exclude the above calls and texts.

Respectfully submitted,

By: /s/ Charles Burnham
Charles Burnham, Esq.
BURNHAM & GOROKHOV, PLLC
1634 I Street NW, Suite 575
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com

Case 1:22-cr-00125-SAG    Document 679    Filed 03/13/25    Page 5 of 5