IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

RODNEY ANTONIO GAINES,
*Defendant*

Case No. 22-cr-0125-SAG

**MEMORANDUM OPINION AND ORDER**

On April 3, 2025, a jury convicted Defendant, Rodney Gaines, on five counts related to a drug conspiracy. ECF No. 729. Following closing argument, Defendant moved to vacate his conviction on Count 5, conspiracy to possess firearms in furtherance of a drug trafficking crime, and has renewed the motion in written form. ECF No. 732 (Motion to Vacate). He asserts that the government's closing argument constituted a "constructive amendment" of the grand jury indictment, which renders his conviction on that count unconstitutional. *Id*. at 3, 4. The government opposes the motion. *See* ECF No. 744. For the reasons that follow, the Court will DENY Defendant's motion.

**A.   Background**

Mr. Gaines and several alleged co-conspirators were charged in a Third Superseding Indictment ("the indictment") related to an alleged armed drug trafficking conspiracy. ECF No. 273. Count 1 of the indictment charged Mr. Gaines and others with "conspiracy to distribute and possess with intent to distribute controlled substances." *Id*. at 1. The indictment details the "manner and means of the conspiracy," including the fact that "[m]embers of the conspiracy possessed firearms in furtherance of their drug

1

trafficking activities, including this conspiracy." *Id*. at 3. Count 5 of the indictment read as follows:

> **RAEKWON DORSEY,**
> **AND**
> **RODNEY GAINES,**
> **a/k/a "BUTTER," a/k/a "BUTTERS," a/k/a "BUTTA,"**
> did conspire to possess firearms in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to possess with the intent to distribute cocaine and cocaine base, as charged in Count One, which is incorporated by reference herein.
>
> 18 U.S.C. § 924(o)

*Id*. at 9.

During the trial, the government presented evidence that it alleged showed Mr. Gaines communicating with Mr. Dorsey about obtaining a gun. Other firearms were also discussed during testimony.

In its closing arguments, the government stated, in relevant part, as follows:

> Count Five charges Mr. Gaines with conspiracy to possess firearms in furtherance of that drug trafficking crime. That's the drug conspiracy that we just talked about. Ladies and gentlemen, this was an armed drug trafficking conspiracy. Firearms recovered from a dig site, from residences, from a baby's blanket, from the person of Tasha Woodyard. Mr. Gaines's attempts to acquire firearms from his co-conspirator, Raekwon Dorsey, on January 31st, 2022. This is certainly armed drug trafficking, and Mr. Gaines had an agreement that firearms would be possessed in connection with this drug conspiracy. That is Count Five and that's briefly the evidence.

The jury convicted Mr. Gaines on all counts at trial, including count 5. ECF No. 729 at 2.

B. Discussion

Defendant contends that the government's evidence of firearm possession by individuals not named in count 5 constitutes an impermissible "constructive amendment" of that count. He emphasizes that the indictment on count 5 refers to a conspiracy only between Mr. Gaines and Mr. Dorsey, but the government relied on "a much broader theory during closing argument," where the government "urged the jury to convict Mr. Gaines of Count 5 based not only on the Gaines/Dorsey alleged drug transaction but also on other evidence of firearms possessed by alleged conspirators not named in Count 5." ECF No. 732 at 3, 4. Defendant cites *United States v. Randall* in support, arguing that when the government limited Count 5 to the Defendant and Mr. Dorsey, it was bound to that theory and could not make a broader argument. *Id.* at 4 (citing 171 F.3d 195 (4th Cir. 1999)).

The government maintains there was no constructive amendment and its closing argument was consistent with the scope of Count 5 and the relevant evidence. ECF No. 744 at 4. The government's primary argument is that Count 5 expressly incorporates Count 1, *id.* at 4-6, so "it was proper (and necessary) . . . to discuss Count One because Count One was the crime in 'furtherance' of which the firearms conduct alleged in Count Five was occurring." *Id.* at 4. The government also argues (1) the evidence of Mr. Gaines's involvement in the drug trafficking conspiracy is relevant to count 5 because his motive to possess firearms was in "furtherance" of the count 1 charge (regardless of any express incorporation) and (2) the jury instructions included the co-conspirators named in each count, which "made clear to the jury the scope and particular allegations of each count." *Id.* at 11. The government also distinguishes *Randall* by noting that the basis of the constructive amendment issue in that case was that the prosecution proved

3

a *different* predicate offense at trial, whereas here, the government "properly connected Count Five to the charged predicate offense of Count One." ECF No. 744 at 5 n.1.

The Court agrees that the government's closing argument did not result in a constructive amendment of the offense charged in Count 5. "A constructive amendment in violation of the Fifth Amendment occurs if a 'defendant is actually convicted of a crime other than that charged in the indictment.'" *United States v. Contreras-Avalos*, 139 F.4th 314, 319 (4th Cir. 2025) (quoting *United States v. Banks*, 29 F.4th 168, 174 (4th Cir. 2022)). A more accurate summary of count 5 in closing argument would have referred only to the conspiracy between Mr. Gaines and Mr. Dorsey to conspire to possess firearms in furtherance of a drug trafficking crime. But the reference in the government's closing to "[f]irearms recovered from a dig site, from residences, from a baby's blanket, from the person of Tasha Woodyard" does not rise to the level of a constructive amendment. Those other examples of firearms recovered during and in connection with the drug trafficking conspiracy pertained to the predicate offense (*i.e.*, the drug trafficking conspiracy charged in count 1). *See also* ECF No. 273 at 3 (identifying firearm possession by co-conspirators as a manner or means of the conspiracy charged in count 1). Those arguments did not lead Mr. Gaines to be convicted of a crime other than the one charged by indictment. And to the extent jurors might have been confused by the reference in the government's closing arguments to other individuals' gun possession in the context of discussing count 5, the language of the jury instructions clarified that count 5 was limited to a conspiracy between Mr. Gaines and Mr. Dorsey. ECF No. 726 at 54.

4

## CONCLUSION AND ORDER

For the reasons stated above, it is ORDERED that Defendant's Motion to Vacate, ECF No. 732, is DENIED.

Date:  July 7, 2025

_____
Adam B. Abelson
United States District Judge